# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

United States of America

v.

William Tranell Peoples
_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case No. 1:12-cr-00285-PLM

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

## Part I – Findings of Fact

_____ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of _____ a federal offense _____ a state or local offense that would have been a federal offense if federal jurisdiction had existed – that is

    _____ a crime of violence as defined in 18 U.S.C. § 3156(a)(4), or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which the prison term is 10 years or more.

    _____ an offense for which the maximum sentence is death or life imprisonment.

    _____ an offense for which a maximum prison term of ten years or more is prescribed in:

    _____.*

    _____ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    _____ any felony that is not a crime of violence but involves:
        _____ a minor victim
        _____ the possession or use of a firearm or destructive device or any other dangerous weapon
        _____ a failure to register under 18 U.S.C. § 2250

_____ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

_____ (3)  A period of less than 5 years has elapsed since the _____ date of conviction _____ defendant's release from prison for the offense described in finding (1).

_____ (4)  Findings (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that defendant has not rebutted that presumption.

### Alternative Findings (A)

✓ (1)  There is probable cause to believe that the defendant has committed an offense

    ✓ for which a maximum prison term of ten years or more is prescribed in:
    Controlled Substances Act (21 U.S.C. 801 et seq.)_____.*
    _____ under 18 U.S.C. § 924(c).

✓ (2)  The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

✓ (1)  There is a serious risk that the defendant will not appear.

✓ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ✓ clear and convincing evidence _____ a preponderance of the evidence that:

1. The charged offense is a serious one.
2. Defendant has a history of substance abuse.
3. Defendant is on probation supervision with a pending violation warrant.
4. Defendant has incurred prior probation violations/revocations.
5. Defendant has prior failures to appear.
6. Defendant has pending domestic violence charge.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:     July 11, 2013

*Judge's Signature:*  /s/ Ellen S. Carmody

*Name and Title:*  Ellen S. Carmody, U.S. Magistrate Judge

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).